UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80110-ROSENBERG/REINHART

WEBSTER HUGHES,

   Plaintiff,

v.

PRIDEROCK CAPITAL PARTNERS, LLC,

   Defendant.

_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION TO STRIKE JURY DEMAND [DE 84]

**THIS MATTER** is before the Court on Defendant, Priderock Capital Partners' ("Defendant") Renewed Motion to Strike Jury Demand ("the Motion"), DE 84.

    I.    Background & Procedural History

In brief, Defendant seeks to strike Plaintiff Webster Hughes' ("Plaintiff") demand for a jury trial, because only one count, Count III, for Breach of Contract-Implied-in-Law/Quasi Contract, remains at issue in this case. *See id*; DE 73; DE 66.

After summary judgment was granted in favor of Defendant as to Counts I and II, *see* DE 65, Defendant moved to strike Plaintiff's jury demand at DE 66. That request was denied without prejudice in order for Defendant to consider and address additional case law cited by the Court, *see* DE 68, DE 69, DE 71. Defendant renewed its request at DE 73. Plaintiff responded at DE 74, and Defendant replied at DE 77. The Court denied Defendant's second motion to strike the jury demand without prejudice:

> Defendant argues its Motion assuming that liability as to Count III has been conceded. See, e.g., DE 73, 2. However, liability has not been formally admitted, through an amended pleading, stipulation, or the like. See DE 10, 12. Accordingly, Defendant is ordered to either seek leave of the Court to amend its pleadings or to file a Second Amended Motion that does not presume that liability has been determined by no later than 2/21/19.

DE 82. In response, Defendant filed the Motion presently before the Court and a unilateral stipulation as to liability. *See* DE 84; DE 83, ¶ 6 ("Priderock concedes liability as to Count III."). Plaintiff responded at DE 90, and Defendant replied at DE 91. Defendant argues that because Plaintiff's quasi contract claim is equitable in nature, the remaining claim for damages should be tried before the Court, rather than a jury. *See* DE 73. The Court has considered all of the briefing outlined above, the record, and is otherwise fully advised in the premises.

II.     Analysis

The Seventh Amendment preserves the right to a trial by jury in all suits at common law. U.S. Const. amend. VII. The Supreme Court has "consistently interpreted the phrase '[s]uits at common law' to refer to suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quotations omitted). In analyzing whether a claim is equitable or legal in nature, the Supreme Court has described the analysis as follows: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first." *Id.* at 42 (citations omitted).

Under Florida law, Plaintiff's common law claim for breach of contract implied-in-fact, also known as quasi contract, is evaluated on the theory of unjust enrichment. *Magwood v. Tate*, 835 So. 2d 1241, 1243 (Fla. Dist. Ct. App. 2003). Unjust enrichment is frequently described as equitable in nature. *See Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 694 (Fla. Dist. Ct. App. 2018). However, "the use of the term 'equitable' in reference to an unjust enrichment claim denotes fairness and does not mandate that unjust enrichment be construed as seeking only an equitable, as

2

opposed to a legal, remedy." *Id.* In addition, although "the substantive dimension of the claim" is based in state law, "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963).

Here, under the first prong of the *Granfinanciera* analysis, the Court finds that a claim for unjust enrichment is a legal claim. *See Duty Free World,* 253 So. 3d at 695 ("Indeed, the principle set forth in *Commerce Partnership* that unjust enrichment is an action at law has been applied in cases where the plaintiff sought damages for unjust enrichment."); *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 390 (Fla. Dist. Ct. App. 1997) ("Although some courts have described quasi contracts as being 'equitable in nature,' the term has been used in the sense of 'fairness,' to describe that quality which makes an enrichment unjust, and not as a reference to the equity side of the court.") (citation omitted); *see also M.I. Indus. USA Inc. v. Attorneys' Title Ins. Fund, Inc.*, 6 So. 3d 627, 629 (Fla. Dist. Ct. App. 2009) ("[T]his court has squarely held that an action for unjust enrichment is an action at law.").

In contrast to the plethora of case law cited above, Defendant cites to no persuasive authority in support of its position. Defendant cites to *Magwood v. Tate*, 835 So. 2d 1241, 1242 (Fla. Dist. Ct. App. 2003), but that case relied upon *Commerce Partnership*—which classified unjust enrichment as a legal claim—and *Magwood* was tried *to a jury*. Although the *Magwood* appellate court reversed the trial court, it did not do so on the basis that the case was submitted to a jury. *Id.* at 1244. Defendant cites to *Ship Construction v. Star Cruises PLC*, No. 01-CIV-248 (S.D. Fla. Mar. 21, 2002), but in that case the plaintiff made the decision not to oppose defendant's request to strike plaintiff's jury demand. However, even though the *Ship Construction* court did not take up the issue of whether unjust enrichment could be tried to a jury, the court strongly suggests—through an analysis on *quantum meruit*—that unjust enrichment is a legal claim. Defendant then cites to *Pianeta Miami, Inc. v. Lieberman*, No. 01-CA-15920 (Fla. Cir. Ct.

Jan. 25, 2005) for the proposition that because unjust enrichment damages were tried in that case to the bench, unjust enrichment damages may never be submitted to a jury. First, parties may consent to try any matter to the bench—the mere fact that a case exists where a bench trial was conducted on an unjust enrichment claim does not support the proposition that a claim for unjust enrichment *must* be tried to the bench. Second, Defendant's position is belied by a review of the state court docket. The *Pianeta Miami* docket shows an entry that reads: "11/3/2004, Stipulation, For Waiver of a Trial by Jury." *Id.* Third and finally, the final judgment in *Pianeta Miami* suggests that the parties tried unjust enrichment liability to a jury and unjust enrichment damages to the bench because of a mutual agreement to bifurcate. *Id.*[1]

Under the second and most important prong of *Granfinanciera*, Plaintiff's unjust enrichment claim is a legal claim, as it seeks monetary damages, a hallmark of a legal action. *Chauffers, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) ("Generally, an action for money damages was 'the traditional form of relief offered in the courts of law.'" (quoting *Curtis v. Loether*, 415 U.S. 189, 196 (1974)). This is not a case in which Plaintiff is seeking an order of the Court to release funds from an escrow account or a specified sum from an employee benefit account. *See* DE 1, ¶¶ 47–52. Instead, Plaintiff seeks damages in the amount of "the value of the benefit that Dr. Hughes has conferred on Priderock." *Id.* at 9. Plaintiff is therefore seeking a legal remedy, rather than an equitable one. *Cf. Simler*, 372 U.S. at 223 ("The record discloses that the controversy between petitioner and respondent in substance involves the amount of fees petitioner, a client, is obligated to pay respondent, his lawyer.").

In addition, the Court agrees with Plaintiff that Defendant's cited cases are distinguishable on their facts from this case or otherwise do not involve an in depth analysis of whether the Seventh Amendment applies. For instance, Defendant refers the Court to *Ship Construction & Funding Services (USA), Inc. v.*

---

[1] Defendant's remaining two citations in the section of their Motion labelled "The Court Must Determine the Value of Hughes' Work for Priderock" are so old that it is not possible to review the state trial court dockets to determine why an unjust enrichment claim was tried to the bench.

*Star Cruises PLC*, for the proposition that that "the Court should determine the damages on this remaining claim." DE 73, 3. However, the Court in *Ship Construction* did not consider whether the unjust enrichment claim in that case was an equitable or legal claim, because the plaintiff decided not to oppose a motion to strike jury demand. Case No. 01-248-CIV_KING (S.D. Fla. March 22, 2002), DE 70, 1. The *Ship Construction* court *did* consider whether a quantum meruit claim was equitable, and determined that it was not: "Plaintiffs quantum meruit claim. . . does not seek restitution or a disgorgement of undue profits, but compensatory damages associated with typical contract claims. Quantum meruit claims such as this one are legal rather than equitable claims." *Id.* at 2. This analysis supports, rather than refutes, the proposition that Plaintiff is entitled to a jury trial.

Defendant also relies heavily on *Skytruck Co. v. Sikorsky Aircraft Corp.*, Case No. 2:09-CV-267, 2011 WL 13137386, at *4 (M.D. Fla. Nov. 15, 2011). DE 73, 6–7. The Court declines to adopt the non-binding reasoning of that decision. First, the district court's opinion in that case, which reviewed the magistrate judge's order denying Plaintiff's request for a jury trial, determined only that the magistrate judge's determination was "not an error." And, the magistrate judge's original order only addressed the right to a jury trial in a few sentences. *Skytruck Co. v. Sikorsky Aircraft Corp.*, Case No. 2:09-CV-267, 2011 WL 13141024, at *2 (M.D. Fla. May 13, 2011). Finally, the magistrate relied on *Goldberg v. Chong*, Case No. 07-20931, 2007 WL 2028792, (S.D. Fla. July 11, 2007). *Goldberg* is distinguishable for the reasons already discussed above. There, Plaintiff sought to claw back a five million dollar transfer to Defendant in the context of a receivership, *see Goldberg*, at *8, which appears more akin to an equitable claim, given that a claw back is compelled through the power of a court's order. Accordingly, a claw back is distinguishable from the more traditional remedy of the quantification of unspecified monetary damages. In addition, the *Goldberg* court's discussion of whether the issue could be tried to a jury was made "as an aside," in a footnote, after "Defendants indicated for the first time [at a hearing on summary

5

judgment] that they believed that they were entitled to a trial by jury on the Receiver's unjust enrichment claim." *Id.* at *10, n.9. Furthermore, Defendant's representation to this Court that its position has previously been "directly decided" and "affirmed" by multiple courts in this Circuit is not accurate. In support of this representation, Defendant cites to decisions in a single case, *Skytruck*, but in *Skytruck* the Eleventh Circuit on appeal expressly *declined* to decide whether the plaintiff was entitled to a trial by jury. *Skytruck*, 501 F. App'x 879, 882 n.3 (2012). Accordingly, the Court will not rely on the district court's decision in the *Skytruck* case.

III. Conclusion

The Court is persuaded that Plaintiff retains his Seventh Amendment right to try Count III before a jury. To the extent that this is a debatable question, "[t]he federal policy favoring jury trials is of historic and continuing strength." *Simler*, 372 U.S. at 222. The Court therefore denies Defendant's Motion to Strike Jury Demand.

The Court addresses one final matter. Defendant's Motion is premised on the proposition that it has conceded liability (but not damages) as to Count III. Yet, Defendant's Answer denies liability as to Count III. The Court therefore entered an order at docket entry 86 requiring Defendant to either amend its answer or amend the premise in its motion to strike. In response, Defendant did neither. Instead, Defendant filed a unilateral stipulation, wherein Defendant purported to concede liability as to Count III. Plaintiff argues in his Response that a *unilateral* stipulation does not have the same legal force as a formally amended answer or a *joint* stipulation[2] and, as a result, the Court will require Defendant to comply with the Court's order as to the issue of liability in Count III.

It is hereby **ORDERED** and **ADJUDGED**

1. The Motion to Strike Plaintiff's Jury Demand [DE 84] is **DENIED with prejudice**.

---

[2] "A stipulation is an agreement of the parties, but all we have here is a unilateral description of one side's position." *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008).

2. The case will proceed to a jury trial as scheduled on March 4, 2019.

3. Defendant shall file one of the following by February 22, 2019: (1) a motion to amend its answer that admits liability on Count III; (2) a stipulation signed by all parties wherein Defendant clarifies its position on liability on Count III, or (3) a notice of its withdrawal of its purported concession on liability as to Count III.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of February, 2019.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE